CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD W. SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:08cv110 |
| ) | |
| v. ) | |
| ) | ORDER |
| BODDIE-NOELL ENTERPRISES, INC., ) | |
| JOHN DOE, and ) | |
| JOHN DOE, ) | Hon. James C. Turk |
| ) | Senior United States District Judge |
| Defendants. ) | |

This personal injury action stems from a hot dog whose bite resulted in quite a bark. Plaintiff, Donald W. Saunders, alleges that he sustained injuries when he bit down on a hard, unnatural foreign object contained in a hot dog he purchased on January 26, 2007, from the Hardee's in Blacksburg, Virginia. That particular Hardee's is franchised by defendant, Boddie-Noell Enterprises, Inc. ("Boddie-Noell"). In his complaint, Saunders states that the adulterated hot dog was prepared by defendant, John Doe ("John Doe1"), a Hardee's employee, in an area of the restaurant kitchen where defendant, John Doe ("John Doe 2"), also a Hardee's employee, had been performing electrical work. Saunders alleges that John Doe 1 and John Doe 2 negligently 1) failed "to shield the hot dog sold to [Saunders] from contamination by the unnatural foreign object;" 2) failed "to properly inspect the hot dog prepared for [Saunders];" 3) failed "to observe the unnatural foreign object and remove the same from the hot dog prepared for and served to [Saunders]"; and 4) served [Saunders] adulterated food in violation of public health and safety regulations." Saunders also alleges that Boddie-Noell is vicariously liable for the negligence of John Doe 1 and John Doe 2 and violated the implied warranty of merchantability by serving food

that was unreasonably dangerous for human consumption.

Defendants removed this case from the Circuit Court for Montgomery County, Virginia, to the District Court for the Western District of Virginia, on February 14, 2008, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Virginia resident and defendant, Boddie-Noell Enterprises, Inc., is a North Carolina corporation which has its principal place of business in North Carolina. The citizenship of John Doe 1 and John Doe 2 is unknown.

This case is presently before the Court on the defendants' Motion to Dismiss John Doe 1 and John Doe 2, as well as the defendants' Motion to Compel. In their Motion to Dismiss the two John Does, defendants argue that John Doe 1 and John Doe 2 were fraudulently joined for the purpose of defeating diversity jurisdiction. For the reasons set forth within this Memorandum Opinion, defendants' Motion to Dismiss the two John Does will be **GRANTED**.

During oral argument on defendants' motions, defendants notified the court that plaintiff had responded to defendants' First Set of Interrogatories and First Requests for Production of Documents, which were the subject of defendants' Motion to Compel. Accordingly, defendants' Motion to Compel will be **DENIED** as **MOOT**.

### I.

Absent proof of bad faith in joinder, a defendant may not remove a John Doe action from state to federal court based on diversity of citizenship and amount in controversy unless the defendant can show either that a John Doe co-defendant was a non-resident at the time of the institution of the action, or that a separable controversy appears from the complaint. Johnson v. General Motors Corp., 242 F.Supp. 778, 780 (E.D. Va. 1965) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939)). In this case, defendants have produced no evidence that John Doe 1 and

2

John Doe 2 are not residents of Virginia. Accordingly, this court must consider the unknown parties as citizens of Virginia for diversity purposes. Harleysville Mut. Ins. Co., Inc. v. Nationwide Mut. Ins. Co. Inc., 605 F. Supp. 133, 135 (W.D. Va. 1985) (rev'd in part on other grounds). Because no separable controversy appears from the complaint, the issue of whether this case must be remanded to state court turns on whether plaintiff joined the unknown defendants in bad faith.

Defendant alleges that John Doe 1 and John Doe 2 were fraudulently joined for the purposes of defeating diversity. To establish fraudulent joinder, a removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts," or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). In this case, defendants argue that there is no possibility for plaintiff to prevail against defendants John Doe 1 and John Doe 2 because there is no allegation of any active negligence on the part of either defendant.

Virginia law is well-settled that "if an employee of a corporation through his or her fault injures a party to whom he or she owes a personal duty, the employee is liable personally to the injured third person." Harris v. Morrison, Inc., 32 Va.Cir. 298, 298 (Va. Cir. Ct. 1993). In cases involving tort liability of an employee to a third person, however, the question of whether the employee owes a duty to the third person turns on whether the employee's alleged act is one of misfeasance or nonfeasance. Id. "An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e.,

3

omission to do some act which ought to be performed)." Id. at 288-89. See also Beaudoin v. Sites, 886 F.Supp. 1300, 1302-1304 (E.D. Va. 1995).

In this case, plaintiff has alleged that defendants failed to shield the hot dog, failed to properly inspect the hot dog, and failed to observe the unnatural foreign object and remove it from the hot dog. Plaintiff's allegations, that defendant omitted to do acts which should have been performed, constitute acts of nonfeasance, and not misfeasance. As the District Court for the Eastern District of Virginia has noted, "any omission [an employee] might have conceivably committed would be a duty owing to his employer, rather than a positive act towards the plaintiff." Linnin v. Michielsens, 372 F.Supp.2d 811, 822-23 (E.D. Va. 2005) (citing Beaudoin, 886 F.Supp. 1300; Pusey v. Riner, 1992 WL 884506 at * 4 (Va. Cir. Ct. Feb 18, 1992) (internal quotation marks omitted). Accordingly, there is "no possibility" that the two John Doe defendants would be held liable under Virginia law. They are not proper parties to this lawsuit and the Court finds that they have been fraudulently joined for the purpose of defeating federal diversity jurisdiction.

Moreover, the Court will not permit the use of a "John Doe" designation for a defendant "if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry." 2 J. Moore, et al., Moore's Federal Practice § 10.02[2][d][I], p. 10-16 (3d ed. 2005); see also HMK Corp. v. Walsey, 637 F.Supp. 710, 714 n.4 (E.D. Va. 1986) (citing Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). This case was originally filed in state court on January 26, 2007 before it was removed to federal court on February 14, 2008. Thus, plaintiff has had more than sufficient time to conduct a reasonable inquiry into the true identity of John Doe 1 and John Doe 2. Because the court finds that reasonable inquiry would have easily

revealed their true identities, the court finds further support for dismissing John Doe 1 and John Doe 2 as defendants in this action.

## II.

For the reasons previously set forth, it is hereby

**ORDERED**

1) that defendants' Motion to Compel is **DENIED** as **MOOT**, and

2) that defendants' Motion to Dismiss John Doe 1 and John Doe 2 is **GRANTED** and defendants John Doe 1 and John Doe 2 be **DISMISSED** from the case.

The Clerk of Court is directed to send a copy of this Order to all counsel of record in this matter.

**ENTER**: This 25th day of June, 2008.

Hon. James C. Turk
Senior United States District Judge